Martin, J.
delivered the opinion of the Court. This action was instituted in the late Superior Court of the late Territory and on the change of government transferred to the Parish of Natchito-ches. It remained there till the 6th of April 1814, when the appellees, the defendants, obtained an ' 1 \ . . order to have it transferred to the Parish of St. T , . . .... ... , ta- • .. Landry m the neighbouring district, tne District Judge at Natchitoches having been of counsel therein, under the 2d section of the act supplementary &c. approved the 26th of March, 1812.
The plaintiff before the trial,- moved the District Court of the Parish of St. Landry, to send back the record to the Parish of Natchitoches for trial, as by law, in the opinion of the plaintiff’s, counsel, it was bound to do, but the court thinking differently, an exception was taken, on which this Court is now to pronounce : the cause having been tried below and judgment given against, the plaintiff, who has appealed.
The appellant relies on the act to prevent persons being sued, &.c. approved- on the 7th of March 1814, the first section of which provides that no person having a permanent residence shall be sued out of his parish ; while the second section repeals the section of the act of the 26th of March 1813, under which the District Judge of Natchitoches ordered the transfer of the cause, and *717 directs that when the District Judge shall have been of counsel, the cause instead of being tranferred, shall be tried by the Judge of one of the neigh-bouring districts, who shall attend for that purpose. The counsel contends that the latter act having been approved by the Governor thirty-days before the motion made, in Natchitoches, to remove the suit, ought to have been the rule of action : while the counsel for the appellees contends that the acts of our legislature are not immediately in force, on being approved by the governor, that they must be promulgated, that three days after the promulgation they are in force, at the seat of government and in the other parish, after the. expiration of a number of days proportioned to their distance. '
On this point the Court is of opinion with the counsel of the appellees, and as in this case there is .evidence that the acts of 1814, were not printed till the 11th of June, the act of 1813, was still in force on the 6th of April, when the transfer was ordered.
But the counsel for the appellant urges that on the moment that the act of 1814 eamfe into operation, the act of 1813 ceased to have any force ánd effect, and the Court of the Parish of St. Landry was without any authority-to try the cause, the latter act pointing out a different place of trial, a different mode of proceedings, any thing in the former act notwithstanding.
*718 The counsel of the-appellee's contends, that the second section of the act of 1313 was not repealed by the act of 1814, which speaks only of the seventh section of that of 1813.
This Court is of opinion, as the seventh section of the act of 1813 treats of juries only, and no ways relates to any provision of the act of 1814, the counsel of the appellant is correct in rejecting from the sentence “ any thing in the seventh section of act supplementary, &c.” the words the seventh section of which are manifestly a clerical error and insignificant. We think that the sound construction of the act of 1813, required that the' inconveiiiency of trying causes theretofore removed out of the parish, in which they originated, should instantly cease and .that any of the parties to these suits was, as soon as the act came in operation, entitled to demand the return of the record to the original parish ; the legislature recognises this retransfer as a consequence of the express repeal of the section under which the transfer had been made : this Court, deeming that the same section was impliedly repealed by the act of 1813, must likewise recognize the return of the record as the consequence of this repeal. The consequences of an imp lied repeal being the same as those of an express one.
*719 This Court is of opinion that the District 1 . Court erred, in proceeding to the trial of the cause, and it is, therefore, ordered, adjudged and decreed that the judgment be annulled and reversed, and that the cause be remanded with directions to the District Court, to cause it to be transferred td the Parish of Natchitoches..